Filed 4/11/14  Insurance Exchange of the Automobile Club v. Dinehart CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, | B240171 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC047711) |
| v. | |
| VIVIANE DINEHART, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Melvin D. Sandvig, Judge.  Reversed with directions to dismiss.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez for Plaintiff and Appellant.

Shernoff Bidart, Echeverria Bentley, Michael J. Bidart, George L. Bentley, Steven Schuetze, Steven Messner for Defendant and Respondent.

_____

In a declaratory relief action, the parties disputed coverage on an automobile insurance policy. The trial court ruled in favor of the insured and the insurer appealed. After the opening brief was filed, the insurer settled the claims against its insured. The appeal is moot because there is no longer a justiciable controversy to resolve.

## FACTS

The parties stipulated to the facts. On March 1, 2008, Viviane Dinehart lost control of her Chevrolet Suburban on Interstate 10 and crashed. Viviane's husband Denis Dinehart, a passenger, was killed and their daughter Marina Dinehart was badly injured. Viviane's daughter Angela Dinehart was not in the vehicle at the time of the accident. Viviane and Denis Dinehart are insured by a policy from the Interinsurance Exchange of the Automobile Club (Auto Club).

## PROCEDURAL HISTORY

Several lawsuits arose from the accident. Marina sued her mother Viviane for injuries she sustained in the accident and for the wrongful death of her father Denis, and Angela sued Viviane for the wrongful death of Denis. In response, Auto Club brought an action for declaratory relief alleging that it has no duty to defend or indemnify Viviane against claims made by members of her household.

At trial, the court found coverage under the Policy "based on the plain terms of the policy and the undisputed facts that Marina Dinehart and Angela Dinehart were not 'using' the vehicle at the time of the accident." The court entered judgment in favor of the Dineharts on January 29, 2012.

## DISCUSSION

Appeal is taken from the judgment. (Code Civ. Proc., § 904.1, subd. (a)(1).) After the appeal was perfected and the opening brief was filed, the parties settled. On September 20, 2013, the trial court approved a settlement for Marina Dinehart, who sustained brain injuries in the accident. This resulted in complete settlement of the claims of Marina and Angela against Viviane for wrongful death and personal injuries. Further, Viviane reached a settlement with Auto Club of her claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

2

Viviane contends that the settlement and releases obtained by Auto Club "covered all claims relating to the accident." Her brief states that "[b]ecause the claims asserted in the declaratory-relief action . . . have been resolved, Viviane believes that there is no remaining active controversy and that the case has become moot."

Auto Club contends that the appeal is not moot, for several reasons.

First, the parties' settlement did not encompass Auto Club's declaratory relief action. This argument is not persuasive. In its lawsuit, Auto Club prays for a judicial declaration that it "is under no duty to defend or indemnify Viviane Dinehart for either the claim for the wrongful death of Denis Dinehart or the injury claim of Marina Dinehart" because the four Dineharts lived in the same household.

By settling all of the wrongful death and injury claims against Viviane, Auto Club has mooted its lawsuit asserting that it has no duty to Viviane under its policy. Courts decide actual controversies with judgments that can be """"carried into effect, and [do] not give opinions upon moot questions or abstract propositions, or [ ] declare principles or rules of law which cannot affect the matter in issue in the case before it."""" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind.* (1967) 67 Cal.2d 536, 541.) If it is impossible for the court to grant the plaintiff any effectual relief, the appeal must be dismissed unless "there remain material questions for the court's determination," such as a question of continuing public interest. (*Ibid.*; *John A. v. San Bernardino City Unified Sch. Dist.* (1982) 33 Cal.3d 301, 307.)

Once the claims against Viviane settled, there were no remaining material questions, nor can any relief be given to Auto Club in the event of a reversal, nor is there a question of public interest. When settlement is reached in an insurance dispute that results in a compete payoff, the issue of whether the insurance policy covers plaintiff's claim is moot and need not be decided. (*Pepper Industries, Inc. v. Home Ins. Co.* (1977) 67 Cal.App.3d 1012, 1019-1020.)

Second, Auto Club states that Viviane "threatened" to bring an individual or class action claim for unfair/unlawful business practices. (Bus. & Prof. Code, § 17200.) To date, Viviane has not filed an action under that statute. It is premature to decide an issue

in a threatened lawsuit that may never be pursued.  To do so would amount to resolution of a controversy that does not currently exist and may never exist.

Third, Auto Club believes the issue is important in the event other intra-family lawsuits arise in the future.  It reasons that "the appeal involves the interpretation of a contract potentially applicable to other persons insured by the Exchange on a fact pattern that could recur."  The courts do not decide potential disputes without an actual controversy that is related to a specific factual situation.  (*Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 826.)

## DISPOSITION

Under the authority of *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134, and *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939, 944, the judgment is reversed as moot.  This reversal does not imply that the judgment was erroneous on the merits or that it was not, but is solely for the purpose of returning jurisdiction over the case to the superior court by vacating the otherwise final judgment, solely on the ground of mootness.  The superior court is directed to dismiss the underlying action as moot.  Parties to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*


_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.